**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Catherine D. Bangoy, et al., | ) |
| | ) |
| Plaintiffs, | ) Case No. 1:15-CV-573 |
| | ) |
| vs. | ) |
| | ) |
| Total Homecare Solutions, LLC, | ) |
| | ) |
| Defendant. | ) |

O R D E R

This matter is before the Court on Plaintiff Catherine Bangoy's, motion for class certification (Doc. No. 2) and Defendant Total Homecare Solutions, LLC's motion to dismiss (Doc. No. 9).  For the reasons that follow, Defendant's motion to dismiss is well-taken and is **GRANTED.**  Plaintiff's motion for class certification is **DENIED AS MOOT.**

I. Background

A 1975 regulation issued by the Department of Labor ("the DOL") exempted third-party providers of home healthcare services from the overtime pay requirements of the Fair Labor Standards Act ("FLSA").  After a notice and comment period, in October 2013, the DOL issued a new regulation removing that exemption, in other words, bringing home healthcare workers within the scope of the FLSA.  See Application of the Fair Labor Standards Act to Domestic Service, 78 Fed. Reg. 60454 (Oct. 1, 2013) (codified at 29 C.F.R. Pt. 552).  Recognizing that the new rule would affect a diverse number of interested parties, "including consumers, their families, home care agencies, direct care workers, and local, state and federal Medicaid programs," the DOL established January 1, 2015 as the effective date of the rule.  See id. at 60494-95.

In December 2014, however, the Home Care Association of America sued the DOL in the District Court for the District of Columbia to enjoin enforcement of the new rule. In orders issued on December 22, 2014 and January 14, 2015, the district court concluded that the DOL exceeded its rule-making authority in eliminating the FLSA exemption for home health workers and vacated the rule. Home Care Ass'n of Am. v. Weil, 76 F. Supp.3d 138 (D.D.C. 2014); Home Care Ass'n of Am. v. Weil, 78 F. Supp.3d 123 (D.D.C. 2015). The Secretary appealed those judgments. In August 2015, the D.C. Circuit Court of Appeals issued an opinion finding that the new rule is valid and reversing the district court's judgments that had vacated the rule. Home Care Ass'n of Am. v. Weil, 799 F.3d 1084 (D.C. Cir. 2015). The DOL then issued additional guidance stating that it would not institute enforcement proceedings for violations of the new rule until 30 days after the mandate in the Court of Appeals' case issued. Application of the Fair Labor Standards Act to Domestic Service; Announcement of 30-Day Period of Non-Enforcement, 80 Fed. Reg. 55029 (Sept. 14, 2015). More recently, the DOL has indicated that it will not bring enforcement actions for violations of the rule prior to November 12, 2015. Application of the Fair Labor Standards Act to Domestic Service: Dates of Previously Announced 30-Day Period of Non-Enforcement, 80 Fed. Reg. 65646 (Oct. 27, 2015).

In the meantime, the named Plaintiffs in this case, Catherine Bangoy and Tessy Neeley, filed suit against Total Homecare Solutions, LLC ("THS") pursuant to the FLSA for allegedly violating the new rule. Plaintiffs allege that they are home heathcare workers employed by THS and that they became entitled to be paid FLSA overtime wages when the new rule went into effect on January 1, 2015. Plaintiffs allege, however, that THS violated the FLSA, 29 U.S.C. § 207(a), and the new rule by failing to pay them overtime

wages. Plaintiffs also allege that THS's failure to pay them overtime wages violated the comparable Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.03. Contemporaneously, Plaintiffs filed a motion pursuant to 29 U.S.C. § 216(b) to certify their FLSA claim as a collective action on behalf of themselves and other similarly-situated home healthcare workers. Doc. No. 2.

THS, however, moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief. THS argues that it was not obligated to pay Plaintiffs overtime wages because the rule eliminating the FLSA exemption for home healthcare workers was vacated by the district court in the Weil cases. In other words, according to THS, there was no rule in place requiring it to pay Plaintiffs overtime wages for the period covered by the complaint. THS contends that it had no obligation to pay Plaintiffs overtime wages until the D.C. Circuit Court of Appeals issued its mandate in Weil.

Plaintiffs apparently concede that THS has been paying them overtime wages since "late August 2015." See Doc. No. 3-1 (Plaintiffs' consents to become a party-plaintiff in FLSA collective action). Plaintiffs argue, however, that THS was still required to comply with the new rule and pay them overtime beginning January 1 even though the rule had been vacated by the district court. Plaintiffs argue that THS had substantial notice that the new rule was going into effect and that it gambled that the district court's decisions vacating the rule would be upheld on appeal and lost. Therefore, according to Plaintiffs, THS cannot rely on the temporary vacatur of the rule to avoid paying them overtime wages. In reply, THS points out that Plaintiffs have not cited any authority indicating that it was not entitled to rely on the district court decisions vacating the rule. THS, on the other hand, cites

3

several cases supporting the proposition that the district court's judgment vacating the rule, while ultimately incorrect, was nevertheless lawful and nullified the rule for the interim period.

## II. Standard of Review

A motion to dismiss for failure to state a claim operates to test the sufficiency of the complaint. The court must construe the complaint in the light most favorable to Plaintiff, and accept as true all well-pleaded factual allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). The court need not accept as true legal conclusions or unwarranted factual inferences. Lewis v. ACB Business Servs., Inc., 135 F.3d 389, 405 (6th Cir. 1998).

The complaint, however, must contain more than labels, conclusions, and formulaic recitations of the elements of the claim. Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295 (6th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The factual allegations of the complaint must be sufficient to raise the right to relief above the speculative level. Id. Nevertheless, the complaint is still only required to contain a short, plain statement of the claim indicating that the pleader is entitled to relief. Id. (citing Erickson v. Pardus, 551 U.S. 89, 93 (2007)). Specific facts are not necessary and the pleader is only required to give fair notice of the claim and the grounds upon which it rests. Id. To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Mere conclusions, however, are not entitled to the assumption of truth. Id. at 678-89. A claim is facially plausible if it contains content which allows the court to draw the reasonable inference that the defendant

is liable for the misconduct alleged. Id. at 678. Plausibility is not the same as probability, but the complaint must plead more than a possibility that the defendant has acted unlawfully. Id. If the complaint pleads conduct which is only consistent with the defendant's liability, it fails to state a plausible claim for relief. Id.

### III. Analysis

The Court concludes that THS is entitled to dismissal of Plaintiffs' FLSA claim. The district court in the Weil cases vacated the rule that purportedly required THS to pay Plaintiffs overtime wages before it could go into effect. In the Court's view, THS was entitled to rely on that decision in not paying Plaintiffs overtime for the interim period now at issue in this case. Any other conclusion would put THS, and other similarly-situated employers, in an untenable position. THS could have complied with the vacated rule at the risk of paying Plaintiffs overtime wages to which they were not entitled if the Court of Appeals affirmed the district court's judgment. Or, THS could have done what it did here, rely on the vacatur of the rule but then, according to Plaintiffs, be liable to them for FLSA damages if the Court of Appeals reversed the district court's judgment.

Plaintiffs, however, cite no authority for their "heads I win, tails you lose" theory of the case. Certainly those arguments are disfavored by courts. Cf. McCann v. Hy-Vee, Inc., 663 F.3d 926, 931 (7th Cir. 2011). And, as THS persuasively argues, when the district court vacated the rule before its effective date, it became a nullity and unenforceable. Natural Res. Defense Council, Inc. v. U.S. E.P.A., 683 F.2d 752, 761-62 (3rd Cir. 1982) ("In short, without an effective date a rule would be a nullity because it would never require adherence."). Moreover, permitting Plaintiffs to recover for a violation of the rule while the vacatur was in effect would give the rule an impermissible retroactive effect.

Fernandez-Vargas v. Gonzales, 548 U.S. 30, 37 (2000). Finally, the fact that the DOL has indicated that it will not bring enforcement actions for violations that occurred before the Court of Appeals' reinstated the rule, see supra, at 2, strongly suggests that the rule should not be given retroactive effect in cases between private parties. Indeed, "[g]ood administration of the Act and good judicial administration alike require that the standards of public enforcement and those for determining private rights shall be at variance only where justified by very good reasons." Skidmore v. Swift & Co., 323 U.S. 134, 139-40 (1944); see also id. at 140 (federal agency policy statements are entitled to respect and may constitute persuasive authority).

For all of these reasons, therefore, the Court concludes that Plaintiffs have failed to state a claim for a violation of the FLSA based on THS's alleged failure to pay them overtime wages for the period from January 1, 2015 through "late August 2015." Accordingly, THS's motion to dismiss Plaintiffs' FLSA claim is well-taken and is **GRANTED**. That claim is **DISMISSED WITH PREJUDICE.** The Ohio Minimum Fair Wage Standards Act is to be construed in accordance with the FLSA. Douglas v. Argo-Tech Corp., 113 F.3d 67, 69 n.2 (6th Cir. 1997); Ohio Rev. Code § 4113.03(A). Therefore, dismissal of Plaintiffs' FLSA claim requires dismissal of their parallel state law claim as well. That claim is also **DISMISSED WITH PREJUDICE**. As a result of these rulings, Plaintiffs' motion for class certification is **DENIED AS MOOT.**

    **IT IS SO ORDERED**

Date December 21, 2015                          s/Sandra S. Beckwith
                                                  Sandra S. Beckwith
                                     Senior United States District Judge